IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES P. RAZEY,<br><br>        Plaintiff,<br><br>   vs.<br><br>KILOLO KIJAKAZI,[1]<br>*Acting Commissioner of Social Security*,<br><br>        Defendant. | )<br>)<br>)<br>)  Civil Action No. 20-253-E<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 18th day of April 2022, the Court has considered the parties' motions for summary judgment and will grant Defendant's summary judgment motion.[2] The final agency decision denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence. Therefore, it will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152—54 (2019).[3]

---

[1]     Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d). This change has no impact on the case. 42 U.S.C. § 405(g). The Clerk is directed to amend the docket appropriately.

[2]     Defendant has asked for summary judgment in her favor and has further asked that costs be taxed against Plaintiff. (Doc. No. 15, pg. 2). However, because she has not addressed costs in the accompanying brief, the judgment excludes such an award. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining that "conclusory assertions are not enough" to bring an issue before the court).

[3]     Plaintiff argues that the Administrative Law Judge's ("ALJ") decision—which is the final agency decision in this matter pursuant to 20 C.F.R. § 404.981—is unsupported by substantial evidence because the ALJ found Plaintiff's residual functional capacity ("RFC") without relying on medical opinion evidence that might have documented functional limitations arising from Plaintiff's shoulder impairment. Plaintiff also argues that the ALJ, relying on his own lay interpretation of medical evidence, included a reaching limitation in the RFC that was too conservative to accommodate Plaintiff's severe shoulder symptoms. The Court, however, finds that Plaintiff's record was sufficiently developed for the ALJ to find his RFC without additional

1

---

medical opinion evidence, and further finds that the ALJ adequately explained how substantial evidence in the record supported the RFC finding.

This Court reviews the ALJ's decision to determine whether it is supported by substantial evidence which is "such relevant evidence as a reasonable mind might accept as adequate." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). While this "threshold for such evidentiary sufficiency is not high," *Biestek*, 139 S. Ct. at 1154, reviewing courts do require that ALJs support their findings with "a clear and satisfactory explication of the basis on which [they] rest[.]" *Fargnoli*, 247 F.3d at 41 (citation omitted). ALJs have a general "duty to hear and evaluate all relevant evidence." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). And, if the evidence in the record is insufficient to determine disability, they are dutybound to develop the record further. *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) ("ALJs have a duty to develop a full and fair record in social security cases.").

In most disability determinations, the ALJ must make a finding of the claimant's RFC, which is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Fargnoli*, 247 F.3d at 40 (citation omitted). It is essential to the determination of whether a claimant can return to his past work or adjust to other work which, in turn, determines whether the claimant is disabled under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(iv)—(v). Making this finding is the "exclusive responsibility of the ALJ." *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 147 (3d Cir. 2007). Because the RFC is a legal finding—not a medical one—ALJs do not *need* medical opinion evidence documenting a claimant's functional limitations to decide which limitations they ought to include in the RFC. *Cummings v. Colvin*, 129 F. Supp. 3d 209, 215 (W.D. Pa. 2015). As long as there is sufficient evidence in the record to find the claimant's RFC, *see Ventura*, 55 F.3d at 902, an ALJ may determine which limitations are appropriate to include therein "even if no doctor has specifically made the same findings and even if the only medical opinion in the record is to the contrary." *Cummings*, 129 F. Supp. 3d at 215 (citing *Doty v. Colvin*, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014)). Argument to the contrary—that an ALJ's RFC finding must almost always if not always be guided by a medical opinion—is often premised upon an erroneous reading of the Third Circuit's decision in *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986). From *Doak*, courts have distilled a rule that RFCs may "rarely" be decided "without an assessment from a physician regarding the functional abilities of the claimant." *Arnold v. Colvin*, 2014 WL 940205, at *4 (M.D. Pa. Mar. 11, 2014). *See Rondina v. Berryhill*, 2019 WL 5581506, at *5 (M.D. Pa. Feb. 11, 2019), *report and recommendation adopted sub nom. Rondina v. Saul*, 2019 WL 5569474 (M.D. Pa. Oct. 28, 2019) (explaining the split among district courts in the Third Circuit regarding how to read *Doak*). However, this Court has repeatedly explained that *Doak* should not be taken as having established "a rule that an RFC determination must be based on a specific medical opinion." *Doty*, 2014 WL 29036, at *1 n.1.

Accordingly, in this matter where Plaintiff challenges the ALJ's RFC finding because the ALJ formulated the RFC without medical opinion evidence postdating Plaintiff's diagnosis of shoulder pain/bilateral osteoarthritis of the shoulders, the Court finds no error in the articulation of an RFC without a corresponding medical opinion. Further, the Court finds that the ALJ's

RFC finding is well supported by his thorough explanation of the evidence. The ALJ found that Plaintiff could perform "light work" with several limitations, including the limitation that he could only "occasionally overhead reach with bilateral upper extremities." (R. 422). He based the finding on the record, which Plaintiff had indicated, through counsel, was complete. (R. 428). Explaining how he considered the evidence of record, the ALJ started with Plaintiff's testimony and the objective medical evidence. (R. 423—29). He acknowledged Plaintiff's testimony that when he sought treatment for his shoulders in 2017, they were in such bad shape that "nothing . . . could be done for them" and by the time he was before the ALJ in 2020, his shoulders hurt with any movement. (R. 423—24). Objective evidence supporting Plaintiff's representation of shoulder pain and other symptoms included his 2017 records from Champion Orthopedics where he reported childhood shoulder dislocations with seizures. (R. 428, 662—63). On exam he demonstrated "severe crepitation in both shoulders" worse in the left than the right, however, he was in "no acute distress." (*Id.*). He had some reduction in strength and "severely limited range of motion secondary to patient reported pain, guarding and overall apprehension." (*Id.*). X-rays taken at the time showed "severe end-stage degenerative changes in the left glenohumeral joint with subchondral sclerosis and osteophytic changes noted" with "some irregularities" in the right as well. (*Id.*). At a follow-up appointment, Plaintiff was noted to have "grossly intact" internal and external rotation, but "some moderate crepitation noted with range of motion of both shoulder joints." (R. 668). At the time it was recommended that Plaintiff follow the "most conservative care possible" though he could consider "shoulder reconstruction" in the future. (*Id.*). Thus, Plaintiff started receiving steroid injections. (*Id.*). Plaintiff indicated that the shots' benefit usually lasted "about three months." (R. 452).

Considering this evidence, the ALJ found Plaintiff to be somewhat limited, but not as limited as he claimed to be. Though Plaintiff claimed his shoulder pain was disabling, the ALJ noted that Plaintiff repeatedly denied joint pain at neurology appointments in 2018, 2019, and 2020. (R. 428). Plaintiff also indicated that his daily activities included feeding and cleaning up after his cat, and further indicated that he could do some laundry and grocery shopping. (R. 424, 429). That and Plaintiff's conservative treatment record indicated to the ALJ that Plaintiff would be capable of working at the level described in the RFC. The Court finds that this detailed consideration and weighing of the evidence satisfied the ALJ's obligation to provide "a clear and satisfactory explication of the basis" of the RFC finding. *Fargnoli*, 247 F.3d at 41. Though conservative treatment is not always indicative of moderate symptoms, *see e.g.*, *Cruz v. Shalala*, 1995 WL 27160, at *3 (E.D. Pa. Jan. 19, 1995), the ALJ's reliance on Plaintiff's neurology treatment history wherein he repeatedly denied joint pain and "demonstrated wholly normal physical examinations" (R. 428) would convince a reasonable mind that Plaintiff's shoulder impairment symptoms were not as severe as he alleged. And, insofar as Plaintiff argues that the ALJ should have found a general reaching limitation which would have prohibited all work (R. 467—68), the amenability of evidence in the record to another RFC finding does not mean the RFC the ALJ found is unsupported by substantial evidence. *See Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009) ("The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision."). Plaintiff has not identified any evidence in the record that the ALJ overlooked or rejected without reason or for the "wrong" reason, *Cotter*, 642

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as specified above.

s/ Alan N. Bloch  
United States District Judge

ecf:   Counsel of Record

---

F.2d at 706, that might have proved Plaintiff could only occasionally reach in any direction. He merely argues that a more restrictive reaching limitation would have been the more appropriate conclusion to draw from the evidence. Such determinations are beyond the reach of this Court's deferential review; therefore, Defendant's motion shall be granted.